UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HANADI AJAMI and MOHAMED
AJAMI,

      Plaintiffs,

v.                                                                    Case No. 09-13488

INDYMAC MORTGAGE SERVICES, and                HONORABLE AVERN COHN
INDYMAC FEDERAL BANK,

      Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT INDYMAC MORTGAGE SERVICES' MOTION TO DISMISS
## AND
## DISMISSING DEFENDANT INDYMAC FEDERAL BANK WITHOUT PREJUDICE
## AND
## DISMISSING CASE[1]

### I. Introduction

This is a mortgage case.[2]  Plaintiffs Hanadi Ajami and Mohamed Ajami are suing

defendants IndyMac Mortgage Services and IndyMac Federal Bank claiming (I)

promissory estoppel, (II) violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601

et seq., (III) violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et

seq. and (IV) intentional infliction of emotional distress.  Plaintiffs' claims arise from an

_____

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

[2]The complaint states in paragraph 1 that "[t]his is an action to quiet title to a parcel of real estate . . . " The words "Quiet Title" appear in the heading of the complaint and in the Relief Requested section.  However, the complaint does not contain a claim seeking to quiet title.

alleged oral promise regarding modifying plaintiffs' mortgage.

Before the Court is IndyMac Mortgage Services' motion to dismiss.  For the reasons that follow, the motion will be granted and the case dismissed.  As will be explained, putting aside that plaintiffs have not properly pleaded their claims and/or they are time-barred, IndyMac Mortgage Services played no role in the conduct alleged.[3]

## II.  Background

Plaintiffs own a home in Dearborn.  IndyMac Federal Bank (IndyMac Bank) is a failed financial institution over which the Federal Deposit Insurance Corporation (FDIC) has been appointed receiver.[4]  IndyMac Mortgage Services (IndyMac) is the servicing arm for OneWest Bank, FSB, (OneWest) who purchased plaintiffs' mortgage.

On October 3, 2006, plaintiffs executed a note and mortgage with IndyMac Bank for $261,600.00.  T he terms of the mortgage note indicate that the interest rate was 7% with a monthly payment of $1,740.43.

As plaintiff states in their response, "[t]he gist of [the] complaint is that they were assured their mortgage/note . . . would be adjusted to reflect the current market value

---

[3]The fact that a named defendant had no role in the conduct which forms the basis of the complaint in these types of cases is not unusual given the perambulations displayed in the mortgage industry in the purchase and assignment of mortgages.

[4]As IndyMac Mortgage Services points out, any claims against IndyMac Bank are subject to the FDIC's mandatory administrative claims process.  See 12 U.S.C. § 1821.  Counsel for IndyMac Mortgage Services represents that, based on his experience in prior cases involving IndyMac Bank, the FDIC will not appear "because of the statutory language that divests this Court of jurisdiction over claims against the failed institution."  For all intents and purposes, IndyMac Mortgage Services is the sole named defendant.  Indeed, IndyMac Bank does not appear to have been served and no one, including the FDIC, has appeared in the case on its behalf.  Under these circumstances, IndyMac Bank will be dismissed without prejudice.

2

and were offered a loan modification and short sale."  However, no modifications were made and plaintiffs were unable to make payments. Plaintiffs say that their inability to make payments was due in part because IndyMac Bank overstated their income to qualify them for the mortgage.  They further say that they were denied documents during the loan process and charged excessive fees and a higher interest rate than what was called for based on their credit.  Ultimately, plaintiffs say the mortgage was unfair and they were victims of predatory lending.  Plaintiffs defaulted.  The mortgage is in foreclosure.

Plaintiffs filed suit in state court.  IndyMac removed the case to federal court on the grounds that the complaint raises claims under federal law.  In the removal papers, IndyMac stated that OneWest Bank, the holder of plaintiffs' mortgage, was the proper defendant.  However, IndyMac, as the servicing arm of OneWest Bank, has defended the case.

### III.  Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007).  See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief

3

survives a motion to dismiss." Id.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

IV.  Analysis

A.  Promissory Estoppel

In Count I, plaintiffs assert a claim for promissory estoppel.  IndyMac says that this claim should be dismissed because plaintiffs have failed to adequately plead it and it is barred by the statute of frauds.  As to whether plaintiffs have properly plead their claim, "[t]he elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if justice is to be avoided."  Novak v. Nationwide Mut. Ins. Co., 235 Mich. App 675, 686-87 (1999).  The promise must be definite and clear to support a claim of estoppel.  Marrero v. McDonnell Douglas Capital Corp., 200 Mich. App 438, 442 (1993).

Here, plaintiffs allege that they "were assured that the mortgage/note could be adjusted to current market value and Plaintiffs were offered in November 2008 a loan

4

modification and short sale" Complaint at ¶ 1.  Plaintiffs also allege that they "were

assured and promised by Defendant's Agents that a loan modification would be

prepared . . ." and that Defendant "agree[d] to allow Plaintiffs a direct pay-off at current

market value."  Complaint at ¶ 11 and 12.  These allegations are insufficient to plead a

claim of promissory estoppel.  The promises alleged are not clear or definite.  Plaintiffs

do not say who made the promises, how the promises were made or who was

responsible for obtaining the loan modification.

Further, plaintiffs have not alleged any promises were made by IndyMac or

OneWest Bank in connection with plaintiffs' mortgage.  Indeed, OneWest Bank

purchased the mortgage after the events in question.  IndyMac's role has been simply

to service the mortgage, i.e. ensure payments are being made, on behalf of OneWest

Bank.

Further, even assuming plaintiffs had pleaded a claim for promissory estoppel,

the claim is barred by the statute of frauds.  M.C.L. § 566.132 governs "[a]greements,

contracts, or promises for which signed writing required; enforcement[.]"  Subsection 2

provides:

> An action shall not be brought against a financial institution to enforce any of the
> following promises or commitments of the financial institution unless the promise
> or commitment is in writing and signed with an authorized signature by the
> financial institution:
> (a) A promise or commitment to lend money, grant or extend credit, or make any
> other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in
> repayment or performance of a loan, extension of credit, or other financial
> accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit,
> or other financial accommodation.

M.C.L. § 566.132(2).

5

"[T]he Legislature used the broadest possible language in M.C.L. § 566.132(2) to protect financial institutions by not specifying the types of 'actions' it prohibits, eliminating the possibility of creative pleading to avoid the ban." Crown Technology Park v. D&N Bank, 242 Mich. App. 538, 551 (2000). Here, there is no dispute that IndyMac, an affiliate of OneWest Bank, is a financial institution. It is also clear that the promises which form the basis of plaintiffs' promissory estoppel claim relate to a promise to modify a loan. These oral promises fall squarely within the express language of M.C.L. § 566.132(2)(b) and (c). Therefore, plaintiffs cannot bring a promissory estoppel claim.

### B.  TILA

In Count II, plaintiffs assert violations of the TILA[5] by being given "false interest rates, fee and monthly payment disclosures." Complaint at ¶ 17. IndyMac says that plaintiffs claim is time barred. Section 1640(e) of the TILA states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year form the date of the occurrence of the violation." 15 U.S.C. § 1640(e). As a general rule, "the statute of limitations begins to run 'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.' " Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192,

---

[5]Plaintiffs' complaint characterizes this claim as a TILA claim; however, it is more accurately described as a claim under the Home Ownership and Family Protection Act (HOEPA),15 U.S.C. § 1639(h) (HOEPA). "The Home Ownership and Equity Protection Act of 1994 augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages." Fonua v. First Allied Funding, No. 09-497, 2009 WL 816291, at *4 (N.D. Cal. Mar. 27, 2009).

201 (1997) (internal quotation marks omitted)).

Here, plaintiffs' loan was made on October 3, 2006.  They did not file suit until 2009, well beyond one year.  Thus, plaintiffs' TILA claim is barred.

Plaintiffs, however, argue that equitable tolling should apply.  The Sixth Circuit has held that the TILA is subject to equitable tolling " 'in appropriate circumstances, and that for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.' "  Borg v. Chase Manhattan Bank USA, N.A., 247 F. App'x 627, 635 (6th Cir. 2007) (quoting Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037, 1043 (6th Cir. 1984)).  The Sixth Circuit has explained that to toll the limitations period on the basis of wrongful concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.' "  Hamilton County Bd. of Comm'rs v. NFL, 491 F.3d 310, 315 (6th Cir. 2007) (quoting Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)).

Plaintiffs fail to plead any specific facts to support their contention that equitable tolling should apply.  Instead, plaintiffs generally aver that they could not have discovered the documents, which they signed, because they were withheld from them and/or were seriously misleading.  Complaint at ¶ 18.  Again, plaintiffs do not allege any fraud on the part of IndyMac, or due diligence on their part, to require the Court to toll the statutory period.

7

Moreover, the loan documents clearly set forth the terms of the loan, including interest rates and monthly payments.  The fact that the loan terms were plainly disclosed militates against invoking equitable tolling.  See Mills v. Equicredit Corp., 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003).  Because Plaintiffs' claim is time-barred and the doctrine of equitable tolling does not apply, plaintiffs' TILA claim must be dismissed.[6]

### C.  ECOA

In Count III, plaintiffs claim a violation of the ECOA.  The ECOA prohibits creditors from discriminating against any credit applicant "with respect to any aspect of a credit transaction ... on the basis of race, color, religion, national origin, sex, or marital status."  15 U.S.C. § 1691(a)(1).  Although difficult to discern, paragraph 25 of the complaint appears to set forth the basis of plaintiffs' claim, as follows:

> That Defendant allowed and knowingly overstated Plaintiffs income to secure an unfair mortgage/note as it relates to the terms of conditions of the loan transaction based on Plaintiffs national origin and location of the subject property.

IndyMac says that this claim is time barred.  Claims under the ECOA and its implementing regulations are subject to a two-year statute of limitations.  15 U.S.C. § 1691e(f).  The Sixth Circuit has held that "[t]o determine the effect of the limitations period on Plaintiff's claims, we will therefore look to the specific ECOA and regulatory violations (for which an exemption does not apply) that Plaintiff alleges caused her injury Courts construing the ECOA's limitations period have concentrated their attention on the discriminatory conduct giving rise to a statutory or regulatory claim."  Mays v.

---

[6]IndyMac notes that because IndyMac Bank is a failed financial institution in receivership, 12 U.S.C. § 1821 contains a detailed administrative claims process by which borrowers (such as plaintiffs) may seek damages arising out of IndyMac Bank's pre-failure conduct.

Buckeye Rural Elec. Co-op., Inc., 277 F.3d 873, 879-80 (6th Cir. 2002) (collecting cases).

Here, as with the TILA claim, the events which form the basis of this claim occurred on October 2, 2006, the time of the loan origination. Putting aside that IndyMac was not involved with plaintiffs' mortgage at that time, plaintiffs' filing in 2009 is beyond the two-year statute of limitations. Plaintiffs again argue that equitable tolling should apply. Like the TILA claim, however, plaintiffs fail to show entitlement to equitable tolling. As such, Count III must be dismissed.

### D.  Intentional Infliction of Emotional Distress

In Count IV, plaintiffs claim intentional infliction of emotional distress. IndyMac says the facts in the complaint fail to state a claim. The Court agrees.

The elements of a prima facie claim for Intentional Infliction of Emotional Distress are as follows:  (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. Graham v. Ford, 237 Mich.App. 670, 674 (1999).

The allegations in the complaint do not rise to this standard. Indeed, the allegations under this count are simply a recitation of the elements of a claim for intentional infliction of emotional distress. Under the most generous reading of the complaint, plaintiffs allege vague promises to modify a loan or permit a pay-off at market value which were not fulfilled. Although the possibility of the loss of their home and credit rating is not to be minimized, plaintiffs have not alleged conduct by IndyMac which could be seen to rise to the level of extreme or outrageous. As such, Count IV must be dismissed.

9

V.  Conclusion

For the reasons stated above, IndyMac's motion to dismiss is GRANTED.

IndyMac Bank is DISMISSED WITHOUT PREJUDICE.  <u>See</u> n. 3, <u>supra</u>.

This case is DISMISSED.

SO ORDERED.


 s/ Avern Cohn_____
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  November 13, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 13, 2009, by electronic and/or ordinary mail.


 s/ Julie Owens_____
Case Manager, (313) 234-5160